UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DANIEL D. STRADER,**

    Petitioner,

v.                                                     Case No. 8:12-cv-1327-MSS-SPF

**SECRETARY, DEPARTMENT OF CORRECTIONS,**

    Respondent.
_____/

**O R D E R**

Strader petitions for a writ of habeas corpus under 28 U.S.C. § 2254 and challenges the Florida Department of Corrections' cancellation of gain time credit for sentences that he served in state prison. (Doc. 1) A jury found Strader guilty of racketeering, conspiracy to engage in racketeering, forty-nine counts of grand theft, fifty-eight counts of sale of unregistered securities, sixty counts of sale of securities by an unregistered dealer, and sixty-one counts of securities fraud. (Doc. 7-1 at 56–57) The trial court sentenced Strader to terms of prison for the racketeering and racketeering convictions, one grand theft conviction, one sale of unregistered securities conviction, one sale of securities by an unregistered dealer conviction, and one securities fraud conviction and sentenced him to terms of probation for all remaining convictions. (Doc. 7-1 at 59–67, 84–86)

An earlier order denied the Section 2254 petition (Doc. 14), and Strader appealed. (Doc. 16) The court of appeals vacated the order pursuant to *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) and remanded the case with directions to this Court to rule on a federal due process claim. (Doc. 19 at 8)

1

On remand, Strader notified the Court that he petitioned the state court for relief, and the state court granted him relief and awarded him gain time credit. (Doc. 37) The Respondent confirmed that Strader received gain time credit for the sentences for the grand theft, sale of unregistered securities, and securities fraud convictions but not for the sentences for the racketeering and racketeering conspiracy convictions. (Doc. 42) Strader notified the Court that he filed a second petition for relief in state court for the sentences for the racketeering and racketeering conspiracy convictions. (Doc. 44) Because this federal case would likely become moot if the state court granted Strader additional relief, the Court stayed the case until the state court proceedings concluded. (Doc. 46) Over two years later, Strader notified this Court that both the trial court and the state appellate court denied relief. (Doc. 58) The state court determined that, unlike grand theft, sale of unregistered securities, and securities fraud, racketeering and racketeering conspiracy are continuing offenses, and the offense date for a continuing offense is when criminal conduct ceases. (Doc. 60-2 at 133) The information alleged that Strader committed the racketeering and racketeering conspiracy offenses between June 3, 1989 and April 13, 1994. (Doc. 60-2 at 58–60) The Florida legislature amended Section 944.275, Florida Statutes, and removed basic gain time credit for offenses committed after January 1, 1994. Ch. 93-406, § 26, Laws of Fla. The amendment became effective June 17, 1993. Ch. 93-406, § 44, Laws of Fla. Consequently, the state court concluded that Strader was not entitled to basic gain time for the racketeering and racketeering conspiracy offenses.

The Court lifted the stay and directed the Respondent to supplement the record with documents from the new state court proceedings. (Doc. 59) Seven months later, Strader notified the Court that he was released from prison. (Doc. 61) The Court ordered the parties

to submit supplemental briefs addressing whether Strader's release from prison caused this action to become moot. (Doc. 66) The parties submitted the supplemental briefs (Dos. 76 and 78), and this case is ripe for review. Strader moves for a ruling on the federal due process claim. (Doc. 79)

## MOOTNESS

The Respondent asserts that Strader's federal due process claim based on the cancellation of gain time credit became moot when Strader was released because an award of additional gain time will not result in a reduction of his completed sentences. (Doc. 76 at 9–10) Strader replies that the court of appeals' mandate requires this Court to review the federal due process claim, and the Court may not deviate from the mandate. (Doc. 78 at 3–4)

"'[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1216–17 (11th Cir. 2000) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "When events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief, the case is moot and must be dismissed." *Fla. Ass'n of Rehab. Facilities*, 225 F.3d at 1217. "[A] habeas petitioner who has been released from imprisonment subsequent to his filing a § 2254 petition must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution, and therefore is not moot." *Mattern v. Sec'y, Dep't Corrs.*, 494 F.3d 1282, 1285 (11th Cir. 2007) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

In his petition, Strader cited *Wolff v. McDonnell*, 418 U.S. 539 (1974) and asserted that the Respondent violated a "liberty interest" by cancelling his gain time credits. (Doc. 1 at 9) He alleged that he entered prison in 1995 and received gain time credit and contended that

3

the Respondent unlawfully applied *Young v. Moore*, 820 So. 2d 901 (Fla. 2002) to re-calculate and cancel his gain time credit in 2005. (Doc. 1 at 9–10) Strader demanded re-instatement of the cancelled credits. (Doc. 1 at 14) After the court of appeals remanded this case for review of the federal due process claim, Strader notified the Court that he was released from prison. (Docs. 61 and 63)

*Hernandez v. Wainwright*, 796 F.2d 389 (11th Cir. 1986) affirmed the dismissal of a petition raising a similar claim as moot because the petitioner was released from prison. The petitioner asserted that "prison officials had unconstitutionally miscalculated his gain time credits" and demanded immediate release. 796 F.2d at 390. While the petition was pending, the petitioner was released. 796 F.2d at 390. *Hernandez*, 796 F.2d at 390, affirmed the dismissal of the petition without prejudice as moot:

> This court has jurisdiction to hear only live cases or controversies as delineated in Art. III, § 2 of the Constitution. *See Sosna v. Iowa*, 419 U.S. 393, 402 (1975). Even though an appellant has completed his sentence, a criminal appeal is moot only if no possibility exists that any collateral legal consequences will be imposed upon the petitioner. *Wolfe v. Coleman*, 681 F.2d 1302, 1305 (11th Cir. 1982). In his petition, Hernandez attacked the length of his confinement, not the underlying conviction. It is the existence of the underlying conviction, however, rather than the length of confinement, which creates the necessity to consider collateral legal consequences; susceptibility to an increased sentence for a subsequent offense. *Cf. Wolfe v. Coleman*, 681 F.2d at 1305–06. Also, as the district court['s] dismissal was without prejudice, it will not act as a legal bar to a future action seeking damages for loss of employment opportunities or any other consequences resulting from any illegal confinement. Hernandez will suffer no collateral legal consequences from dismissal of his petition. The district court properly dismissed the petition as moot.

Because re-instatement of the cancelled credits will not reduce the length of Strader's confinement, Strader's release caused this action to become moot.

4

In his motion for a ruling, Strader states that, after he was released from prison, he began to serve a twenty-five-year probationary sentence and asserts that this Court's ruling on the federal due process claim could impact a sentence in the future. (Doc. 78 at 4–5) If Strader violates the terms of his probation, the trial court may "impose any sentence which it might have originally imposed before placing the probationer on probation . . . ." § 948.06(1), Fla. Stat. (1989). Also, because Strader committed the offenses, for which he is serving probation, on June 8, 1989[1], the trial court may award gain time, earned while serving his earlier terms of prison if it imposes a new prison sentence for a probation violation. *Dowdy v. Singletary*, 704 So. 2d 1052, 1054 (Fla. 1998) ("[U]pon revocation of probation, community control or provisional release, an inmate is entitled to credit for prior awarded gain time only if the underlying offense was committed prior to October 1, 1989.") (footnotes omitted); *Cook v. State*, 645 So. 2d 436, 437 (Fla. 1994) ("[W]here a defendant is sentenced to an incarcerative term on one offense, to be followed by a probationary period on another offense, credit for time served on the incarcerative term must be awarded on a sentence imposed after revocation of probation.") (citing *Tripp v. State*, 622 So. 2d 941, 942 (Fla. 1993)).

However, Strader speculates that he will violate a term of his probation and that the trial court will revoke his probation and sentence him to a term of prison for the violation. § 948.06(1), Fla. Stat. (1989) (authorizing a trial court to "revoke, modify, or continue the probation or community control or place the probationer into community control" after determining that the defendant violated probation). Strader's speculative allegation of future

---

[1] Judicially noticed records from the Florida Department of Corrections show that Strader committed the offenses, for which he received probationary sentences, on June 8, 1989. Supervised Release Population Information Detail, Florida Department of Corrections, *available at* http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber =466265&TypeSearch=AO.

injury does not establish a "live" case or controversy that supports this Court's subject matter jurisdiction over the case. *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) ("Allegations of possible future injury do not satisfy the requirements of Article III. A threatened injury must be 'certainly impending' to constitute injury in fact."); *Banks v. Sec'y, Dep't of Health and Human Servs.*, 38 F.4th 86, 95 (11th Cir. 2022) ("[B]ecause Banks's theory of standing requires us to accept a 'speculative chain of possibilities,' his claimed future injury is — at least under the Court's current standing framework — insufficiently 'concrete' and 'imminent' to invoke the judicial power."); *Rivera v. Bank of America, N.A.*, 993 F.3d 1046, 1049 (8th Cir. 2021) ("Article III of the Constitution requires the existence of a case or controversy at all stages of litigation. [W]hen the issues presented are no longer live or the parties lack a cognizable interest in the outcome, a case or controversy under Article III no longer exists because the litigation has become moot. If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction.") (citations and internal quotations omitted).

If Strader violates a term of his probation and if the trial court revokes his probation, sentences him to a term of prison, and refuses to award him gain time credit, Strader may file a new petition raising his challenge after exhausting his remedies in state court. For that reason, the Court dismisses the Section 2254 petition without prejudice.

Strader asserts that this Court must comply with the court of appeals' mandate and rule on his federal due process claim. (Doc. 78 at 3–4) "A trial court, upon receiving the mandate of an appellate court, may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate." *Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir. 1985). "Although the trial court is free to address, as a matter of first impression, those issues not disposed of on appeal, it is bound to

follow the appellate court's holdings, both expressed and implied." *Piambino*, 757 F.2d at 1119. The court of appeals' opinion did not address mootness because Strader was released after the court of appeals issued its opinion and the mandate.

Because Strader's release is a new fact that raises an issue not addressed by the court of appeals, this Court may dismiss the action as moot, despite the court of appeals' mandate. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Rule 12, Rules Governing Section 2254 Cases ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."); *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978)[2] ("Mootness arguments [ ] can be pressed by any party at any time; if the controversy is moot, both the trial and appellate courts lack subject matter jurisdiction."). *See Transamerica Leasing, Inc. v. Institute of London Underwriters*, 430 F.3d 1326, 1333 (11th Cir. 2005) ("Because the issue of a loss payee's standing to sue was in no way a part of the first appeal, neither the law of the case doctrine nor the mandate rule prevented the district court from considering that question on remand.").

Strader contends that the Respondent unreasonably delayed this action by "filing [ ] vexatious extensions of time *ad nauseum* on numerous occasions since the inception of this case," and asserts that "[t]hese extensions seem to have been a delay tactic by the Respondent in the hopes that Strader would be released . . . ." (Doc. 78 at 4–5) Even if true, significant delay arose also from Strader's decision to seek relief in state court. After the court of appeals remanded the case, Strader notified the Court that the state court granted his petition for relief and awarded him gain time credit for four of his six sentences. (Doc. 37) Instead of seeking

---

[2] *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981).

relief in this federal case, Strader notified the Court that he filed a second petition in state court seeking relief for the two remaining sentences. (Doc. 44) This Court stayed this case while Strader sought relief in state court because the federal action would likely become moot if the state court granted Strader additional relief. (Doc. 46) The case remained stayed for over two years until the state court proceedings concluded. (Docs. 50, 53, and 58)

Accordingly, the Court **DISMISSES** this action without prejudice as moot and **DENIES as moot** Strader's motion (Doc. 79) for a ruling. Because the Court lacks subject matter jurisdiction, the Court cannot issue a certificate of appealability. *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004). The Clerk is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on June 13, 2023.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE